# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-397V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
JANE B. RUSHING,                    *        Chief Special Master Corcoran
                                    *
            Petitioner,             *        Filed:  April 9, 2025
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On March 14, 2019, Jane B. Rushing filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged the Table claim that an influenza vaccine she received on November 20, 2012, caused her to incur Guillain-Barré syndrome. I ruled for Petitioner on entitlement (Ruling, dated Feb. 16, 2024 (ECF No. 62)), and damages were awarded on February 13, 2025 (ECF No. 81).

Petitioner has now filed a final motion for an award of attorney's fees and costs. Motion, dated Mar. 25, 2025 (ECF No. 86) ("Final Fees Mot."). This is the second fees request in this case. (Petitioner first requested an interim award of attorney's fees and costs in June 2024, and was granted $213,686.62. (ECF No. 74)).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner now requests an additional $21,713.03 ($16,658.00 in attorney's fees and $5,055.03 in costs) for the work of her attorney, Nancy Myers, and two paralegals at Turning Point Litigation. Final Fees Mot. at 9-10. Respondent did not react to the fees request.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$21,713.03**.

I.      **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award— although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | **2024** | **2025** |
|---|---|---|
| **Nancy Myers (Attorney)** | $530.00 | $530.00 |
| **Taylor Barrett (Paralegal)** | $180.00 | $180.00 |
| **Janelle Tharp (Paralegal)** | $180.00 | $180.00 |

Final Fees Mot. at 9.

Attorney Myers from Turning Point Litigation practices in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid form rates as established in *McCulloch*. *See Stone v. Sec'y of Health & Hum. Servs.*, No. 18-634V, 2023 WL 8895692 (Fed. Cl. Spec. Mstr. Nov. 29, 2023). The rates requested for Attorney Myers and her paralegals are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Rushing v. Sec'y of Health & Hum. Servs.*, No. 19-397V, 2024 WL 4449511, at *2 (Fed. Cl. Spec. Mstr. Sept. 10, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.      Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See*, *e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $5,055.03 in outstanding costs, including mailing costs and a $5,000.00 retainer fee for life care planner Ms. Ashley Johnson. Final Fees Mot. at 10-13. These expenses are commonly incurred in the Vaccine Program, and are reasonable herein. Thus, they shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Final Motion for an Award of Attorney's Fees and Costs, awarding a total amount of **$21,713.03**, reflecting $16,658.00 in attorney's fees and $5,055.03 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Apr. 9 2025).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

       **IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.